UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
<u>MCALLEN</u> DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 15-70184 |
| RD3J, LTD., | § | |
| Debtor | § | CHAPTER 11 |

**DEBTOR'S EXPEDITED MOTION FOR USE OF CASH COLLATERAL;
REQUEST FOR TEMPORARY RELIEF; AND
<u>REQUEST FOR A FURTHER HEARING ON USE OF CASH COLALTERAL</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE RICHARD S. SCHMIDT:

Debtor RD3J, LTD. ("Debtor") files this Expedited Motion for Use of Cash Collateral; Request for Temporary Relief; and Request for a Further Hearing on Cash Collateral, pursuant 11 U.S.C. §363(c)(2), and would show the Court the following:

**I. Introduction**

1.  Debtor filed its petition under Chapter 11 of Title 11 of the United States Code on April 6, 2015, and since such date has continued in possession of its property

and operation of its business.

2. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157.

3. Venue is proper in the U.S. Bankruptcy Court of the Southern District of Texas, McAllen Division, as this is the location of the Debtor's principal office.

## II. Background

4. Prior to the commencement of this proceeding, the Debtor was engaged, and continues to be engaged in the development and management of commercial real property.

5. Debtor's business includes ownership and management of commercial real property, both developed and undeveloped, which are subject to security interests and liens granted by Debtor to PlainsCapital Bank ("PCB"). A chart reflecting PCB's liens and the properties subject to those liens is attached as Exhibit "A" and incorporated herein for all purposes.

6. Specifically, PCB holds a lien on the following properties that generate cash collateral:

(i) 2402 Cornerstone Boulevard, Edinburg, Texas, more particularly described as: Lot Two (2), Block Four (4), CORNERSTONE MEDICAL PARK PHASE I, an addition to the City of Edinburg, Hidalgo County, Texas, according to the map or plat thereof recorded in Volume 30, Page 179, Map Records, Hidalgo County, Texas (the "Office"); and

(ii) 2655 Cornerstone Boulevard, Edinburg, Texas, more particularly described as:
TRACT I: Lots One (1) through Ten (10) inclusive, Block Eight (8), CORNERSTONE MEDICAL PARK PHASE III SUBDIVISION, a Subdivision situated in the City of Edinburg, Texas, as shown by the map or plat thereof, recorded in Volume 32, Page 70, Map or Plat Records of Hidalgo County, Texas; and

TRACT II: Lot One (1), Block Eleven (11), CORNERSTONE MEDICAL PARK PHASE IV, a Subdivision situated in the City of Edinburg, Texas, as shown by the map or plat thereof, recorded in Volume 40, Page 60, Map or Plat Records of Hidalgo County, Texas, to which reference is here made for all pertinent purposes (the "Hospital").

### III.  Relief Requested

7.     The rental income earned from the developed commercial real property constitutes cash collateral as that term is defined in 11 U.S.C. §363.  In the course of its operations, Debtor continues to receive monthly rent from the developed properties.  The rent generated from the Hospital property is paid directly to PCB for application to the debt owed to PCB.  Debtor attaches a 30-day income and expense projection for its operations.  Debtor requests the use of the cash collateral on an interim basis and requests further hearing for the Court's determination of this request.

### IV.  Arguments & Authorities

8.     Pursuant to 11 U.S.C. §363(c)(2), Debtor may not use, sell or lease cash collateral unless each entity that has an interest in such cash collateral consents or, the Court, after notice and hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

9.     Section 361 addresses adequate protection payments.   Specifically 11 U.S.C. §361 provides:

When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by---

(1)     requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;

(2)     providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or

(3)     granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

10.    Debtor has no source of income other than from the monthly rental payments on the developed real properties securing PCB's lien.  If the Debtor is not permitted to use some portion of the rental proceeds to manage and maintain all of its properties, those properties will suffer.

11.    Specifically, Debtor contends that it must have access to and the use of the cash collateral to: (i) maintain insurance coverage; (ii) maintain and preserve the Bankruptcy Estate; and (iii) have an effective reorganization.  If Debtor is denied the use of the cash collateral, its opportunity to have an effective reorganization will be impaired and it will not have the ability to make an attempt to successfully reorganize.

12.    Debtor requires the use of the cash collateral to managed and maintain its properties.  Some of the expenses Debtor incurs in the management and maintenance of the properties include: payment of insurance and taxes.

13.    Debtor must have a preliminary hearing on this motion to avoid the loss of it ability to manage and maintain its properties.

14.    In the event Debtor is authorized to use such cash collateral, lien holders are adequately protected by the value of the real property and cash payments.  Debtor will provide continuing post-petition liens to the lienholders to the extent the lienholders have valid pre-petition security interests in the cash collateral.

WHEREFORE, Debtor prays that this Court enter an Order for Use of Cash Collateral authorizing Debtor's continued use of cash collateral and management and maintenance of its real property assets based on the 30-day income and projection attached as Exhibit "B", and for such other and further relief as is just and equitable.

SIGNED on the 6th day of April 2015.

Respectfully submitted,

By: /s/ Jana Smith Whitworth
    Jana Smith Whitworth
    State Bar No. 00797453
    Federal I.D. No. 20656
    jwhitworth@mybusinesslawyer.com

OF COUNSEL:

VILLEDA LAW GROUP
6316 North 10th Street, Building B
McAllen, Texas 78504
(956) 631-9100 Telephone
(956) 631-9146 Fax

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on the date it was filed electronically. Service was accomplished by the method and to the following as indicated: BY ELECTRONIC NOTICE OR REGULAR FIRST CLASS MAIL, POSTAGE PREPAID:

**Office of the U.S. Trustee**
606 N Carancahua, St 1107
Corpus Christi, TX 78476-1702

And all creditors of notice.

/s/ Jana Smith Whitworth
Jana Smith Whitworth